LaCourse, Appellee, *v.* Fleitz, Appellant.

[Cite as LaCourse *v.* Fleitz (1986), 28 Ohio St. 3d 209.]

(No. 86-311—Decided December 26, 1986.)

*Gary W. Osborne,* for appellee.

*Marc J. Meister,* for appellant.

*Arter & Hadden* and *Eric H. Zagrans,* urging reversal for *amicus curiae,* Ohio Association of Civil Trial Attorneys.

CLIFFORD F. BROWN, J. The sole question posed by this appeal is whether a landlord has a duty, at common law or by virtue of R.C. 5321.04(A)(3), to keep common areas of the leased premises free of accumulated ice and snow. We hold that no such duty exists, and we therefore reverse the judgment of the court of appeals.

The common law of this state has never recognized a duty on the part of landlords to clear naturally accumulated ice and snow from common areas of the leased premises. This court has held that "[t]he dangers from natural accumulations of ice and snow are ordinarily so obvious and apparent that a landlord may reasonably expect that a tenant * * * will act to protect himself against them." *DeAmiches* v. *Popczun* (1973), 35 Ohio St. 2d 180 [64 O.O.2d 160], paragraph one of the syllabus. Thus, a landlord is under no duty to take action to mitigate the dangers posed by accumulated ice and snow, and may justifiably assume that the tenant will apprehend the danger and act to ensure his own safety.

This court has repeatedly held that an owner of property is not liable for injuries to business invitees who slip and fall on natural accumulations of ice and snow. See, *e.g., Debie* v. *Cochran Pharmacy-Berwick, Inc.* (1967), 11 Ohio St. 2d 38 [40 O.O.2d 52]. The common thread running through these cases is the principle that the owner or occupier has a right to assume that his visitors will appreciate the risk and take action to protect themselves accordingly. See *Sidle* v. *Humphrey* (1968), 13 Ohio St. 2d 45 [42 O.O.2d 96], paragraphs one and two of the syllabus; *Jeswald* v. *Hutt* (1968), 15 Ohio St. 2d 224, 227 [44 O.O.2d 196]; *Mikula* v. *Slavin Tailors* (1970), 24 Ohio St. 2d 48, 56-57 [53 O.O.2d 40]. It is only where it is shown that the owner had superior knowledge of the particular danger which caused the injury that liability attaches, because in such a case the invitee may not reasonably be expected to protect himself from a risk he cannot fully appreciate. *Debie, supra,* at 40; *Mikula, supra,* at 57.

We are aware that *Debie, Jeswald* and *Mikula* involve the liability of a business owner or occupier for injuries sustained by a business invitee,

whereas the case *sub judice* involves the liability of a landlord to his tenant. We do not consider this a material distinction. Where the lease itself imposes no contractual duty on the landlord to clear accumulated ice and snow from the common areas, we see no compelling reason to impose it judicially on a landlord when we have refused to recognize any such duty on the part of business owners and occupiers.

It may be argued that a landlord accepts the benefits of paying tenants and should therefore be charged with the responsibility of taking reasonable steps to ensure their safety. It could be said that a landlord is in the better position to take action to clear accumulated snow and ice, since he owns the property and has the easiest access to all common areas. However, these arguments are no less applicable to business owners. They invite business visitors to enter the premises in hopes of receiving a benefit from them. They are in the best position to keep their property free of accumulated snow and ice. We have declined to elevate these arguments over the more compelling reasoning that the business owner is justified in assuming that his visitors are perceptive enough to observe the conditions and prudent enough to proceed with caution. Moreover, the accumulation of ice and snow is not chargeable to the owner, who did not create it. This natural and unconcealed condition is distinguishable from other conditions, such as a loose stair railing or open elevator shaft, which are often not obvious to the user.

Appellee has not alleged that appellant's knowledge of the risk posed by the ice accumulated on the front step was superior in any way to her own, or that appellant had notice that the conditions on that spot were substantially more dangerous than those prevailing generally. There is nothing to indicate that the dangers posed by the accumulation were not obvious to appellee. In fact, appellee stated in her deposition that she was aware that there was ice on the patio step and that she appreciated the danger it posed. She acknowledged that ice and snow conditions prevailed generally in the area.

We also reject appellee's argument that R.C. 5321.04(A)(3) imposes a duty on the defendant landlord to keep common areas free from accumulated ice and snow. The statute, which was enacted as part of the Landlords and Tenants Act of 1974, provides:

"A landlord who is a party to a rental agreement shall:

"* * *

"(3) Keep all common areas of the premises in a safe and sanitary condition."

We do not agree with appellee's contention that the legislature intended by this provision to impose a duty on landlords to clear accumulated snow and ice from the common areas of the leased premises.

Appellee directs this court's attention to our statements in *Shroades* v. *Rental Homes* (1981), 68 Ohio St. 2d 20 [22 O.O.3d 152], to the effect that the legislature's enactment of R.C. Chapter 5321, the Landlords and

Tenants Act of 1974, was intended to broaden the protection afforded to tenants. *Id.* at 25. Appellee contends that *Shroades* requires that the Act be liberally construed to effectuate this legislative intent of broadening the rights of tenants.

We agree with the proposition that the Act should be read liberally in favor of tenants' rights, but we do not advocate a reading of R.C. 5321.04(A)(3) which would impose a duty on landlords to clear accumulated ice and snow from common areas. It is a firm principle of statutory construction that liability imposed by statute shall not be extended beyond the clear import of the terms of the statute. *Weiher* v. *Phillips* (1921), 103 Ohio St. 249, paragraph one of the syllabus. Courts may not presume that the statute was intended to abrogate the common law. Such an intention must be expressly declared by the legislature or necessarily implied in the language of the statute. *Branham* v. *Fordyce* (1957), 103 Ohio App. 379, 384 [3 O.O.2d 408].

There is no indication to be found in the language of R.C. 5321.04 (A)(3) that the legislature intended by its enactment to impose a novel duty on landlords to keep common areas free of ice and snow. No mention is made of such conditions. The statute merely states that the landlord shall keep common areas "safe and sanitary * * *." It would be judicially untenable to expand this phrase to create liability for injuries resulting from the natural accumulation of ice and snow. We are not free to add words to a statute on the basis that the addition strikes us as desirable, or because we believe the legislature "meant" to include it. *Wheeling Steel Corp.* v. *Porterfield* (1970), 24 Ohio St. 2d 24, 28 [53 O.O.2d 13]. Had the legislature intended to dismantle a long-standing rule of the common law, it would have expressly so declared.

An order granting a motion for summary judgment will be upheld where, construing the evidence most favorably in favor of the non-moving party, the record discloses no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Houk* v. *Ross* (1973), 34 Ohio St. 2d 77 [63 O.O.2d 119], paragraph one of the syllabus; Civ. R. 56(C). In accordance with the foregoing discussion, we find that appellee's evidence, construed most favorably to her, fails to generate a triable issue of fact, and that the appellant landlord is entitled to judgment as a matter of law.

Accordingly, based on the foregoing, we hold that R.C. 5321.04(A)(3) does not impose a duty on landlords to keep common areas of the leased premises clear of natural accumulations of ice and snow.

The judgment of the court of appeals is therefore reversed.

*Judgment reversed.*

CELEBREZZE, C.J., LOCHER and WRIGHT, JJ., concur.

HOLMES and DOUGLAS JJ., concur in the syllabus and the judgment.

SWEENEY, J., dissents.

SWEENEY, J., dissenting. I respectfully dissent from the majority opinion because R.C. 5321.04(A)(3) clearly imposes a statutory duty upon landlords to "[k]eep all common areas of the premises in a *safe* * * * condition * * *." (Emphasis added.) I believe, therefore, that when accumulations of ice and snow render the common areas of a rented residential premises unsafe, then the landlord has a statutory duty to remedy that condition. This does *not* mean that landlords should be held to an unreasonable standard of conduct. Rather, a landlord should be held liable for injuries sustained as a proximate result of the unsafe condition of a common area *only* when the landlord received notice or had prior knowledge of the unsafe condition, or when the tenant had made reasonable, but unsuccessful, attempts to notify the landlord of the unsafe condition. See *Shroades* v. *Rental Homes* (1981), 68 Ohio St. 2d 20, at 25-26 [22 O.O.3d 152]; *Anderson* v. *Ceccardi* (1983), 6 Ohio St. 3d 110, 114-115.

Ohio's Landlords and Tenants Act was designed, in large part, to afford some statutory protection to residential tenants. As noted in *Shroades* v. *Rental Homes, supra,* at 21-22, the Act "changed the previous common law relationship of landlords and tenants under residential rental agreements." As such, obligations imposed upon landlords by the Act take precedence over common-law principles that might relieve landlords of responsibility for the unsafe or unsanitary condition of residential rental units.

In this case, the Act must be interpreted to protect tenants, such as the elderly, who may not have the physical capability or economic wherewithal to remove unsafe accumulations of ice and snow from the common areas of rental premises. Such an interpretation would be consistent with this court's prior pronouncements, *e.g., Shroades* v. *Rental Homes, supra,* and would be in line with the view of a majority of the jurisdictions that have addressed this issue.[1] See Prosser & Keeton, Law of Torts (5 Ed. 1984) 441, Section 63.

Because the plaintiff properly alleged that the defendant landlord had violated a statutory duty imposed by R.C. 5321.04(A)(3), and because the statute in question overrides the pre-existing common-law relationship between landlord and tenant in this area, I would affirm the court of appeals and remand this cause to the trial court.[2]

---

[1] It is interesting to note that many of the jurisdictions which hold that a landlord has a duty to remove unsafe accumulations of ice and snow from the common areas of rental premises (1) have done so without the guidance of a landlord-tenant statute, and (2) have climates that are similar to or more severe than that of Ohio.

[2] The instant case is readily distinguished from *Lopatkovich* v. *Tiffin* (1986), 28 Ohio St. 3d 204, also decided this day, which held that a city ordinance requiring landowners to keep sidewalks free from snow and ice did not "raise a duty on owners and occupiers to the public at large." *Id.* at 207. In *Lopatkovich*, the city ordinance in question thus was designed solely to "assist the city in its responsibility to remove snow and ice from public sidewalks," *id.,* while the Landlords and Tenants Act clearly was enacted to impose duties upon landlords for the protection of residential tenants.