OPINION
Plaintiff-appellant Margaret A. Straw appeals from the judgment of the Tuscarawas County Court of Common Pleas which granted Summary Judgment in favor of defendant-appellee Barson Realty, Inc.
 STATEMENT OF THE FACTS AND CASE
On May 15, 2000, plaintiff-appellant Margaret A. Straw [hereinafter appellant] filed a Personal Injury Complaint against defendant JLU Investments, Inc. In the Complaint, appellant alleged that JLU Investments, Inc. was the owner of an apartment complex in which appellant leased an apartment. Appellant's lease purportedly stated that the landlord agreed to regularly clean common areas, maintain common areas in a safe condition, and maintain the grounds and shrubs of the complex. Appellant alleged that on or about January 5, 2000, she walked out of her apartment onto the walkway and slipped and fell on ice that had accumulated overnight. Appellant alleged that JLU Investments breached the lease when it failed to remove the ice hazard or maintain the common area in a safe condition as required by the lease. Appellant alleged that she was injured as a result of the breach and her fall.
On June 14, 2000, the Complaint was amended naming Barson Realty, Inc. as the defendant. Thereafter, defendant-appellee Barson Realty, Inc. [hereinafter appellee] filed an Answer and discovery proceeded.
Appellee filed a Motion for Summary Judgment on December 4, 2000. Thereafter, appellant responded with a contra memorandum and appellee filed a reply brief. On February 5, 2001, the trial court issued a Judgment Entry in which it granted Summary Judgment to appellee.
It is from the trial court's February 5, 2001, grant of Summary Judgment that appellant appeals, raising the following sole assignment of error:
 THE TRIAL COURT ERRONEOUSLY GRANTED DEFENDANT'S MOTION FOR SUMMARY JUDGMENT NOTWITHSTANDING THE EXISTENCE OF GENUINE ISSUES OF FACT TO BE DETERMINED BY A JURY IN ACCORDANCE WITH CIV. R. 56(C).
In her sole Assignment of Error, appellant contends that the trial court erred in granting appellee's motion for summary judgment regarding appellant's lawsuit stemming from a fall outside of her apartment. We disagree.
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,36. As such, we must refer to Civ. R. 56(C) which provides, in pertinent part:
 Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429 (citing Dresher v.Burt (1996), 75 Ohio St.3d 280). It is based upon this standard that we review appellant's Assignment of Error.
In the case sub judice, appellant claims that she slipped on ice outside of her apartment.[1] While appellant concedes that under Ohio law a landlord is normally under no duty to remove a natural accumulation of ice or snow, she claims that the terms of the contract between her and the landlord created such a duty. Specifically, appellant contends that the landlord/appellee breached its contractual duty to "clean all common areas," "maintain the common areas and facilities in a safe condition" and "maintain the grounds" when it failed to remove the natural accumulation of ice or snow.[2] We disagree.
Accepting appellant's assertion that she fell in a common areaarguendo, a landlord does not have a duty to clear natural accumulations of ice and/or snow from common areas of the leased premises unless it is shown that the landlord had superior knowledge of the particular danger which caused the injury or the lease imposes a contractual duty upon the landlord to clear accumulated ice and snow from the common areas.LaCourse v. Fleitz (1986), 28 Ohio St.3d 209., 210-211; see alsoDeAmiches v. Popczun (1973), 35 Ohio St.2d 180, paragraph one of syllabus. In the case herein, appellant argues that the landlord assumed the responsibility to remove snow and ice from any common area of the premises in the lease/contract entered into by appellant and the landlord.
The interpretation of a written agreement is, in the first instance, a matter of law for the court. Alexander v. Buckeye Pipe Line Co. (1978),53 Ohio St.2d 241. If a contract is clear and unambiguous, the court need not concern itself with rules of construction or go beyond the plain language of the agreement to determine the rights and obligations of the parties. Cleveland Trust Co. v. Snyder (1978), 55 Ohio App.2d 168. Instead, the court must give effect to the language of the contract.Seringetti Constr. Co. v. Cincinnati (1988), 51 Ohio App.3d 1, 4.
Upon review of the contract, we find that the language of the contract does not demonstrate an intention to override the long standing common law of Ohio that a landlord is not responsible to remove the natural accumulation of snow and ice. There is no indication in the language of the contract that the landlord intended more than to keep the common areas clean and safe, as those terms are commonly defined.
In LaCourse v. Fleitz, supra, the Ohio Supreme Court considered whether the Ohio Landlords and Tenants Act's provision, requiring a Landlord to keep common areas in safe and sanitary condition, imposed a duty on landlords to keep common areas clear from natural accumulations of snow and ice.[3] The Court found that the language of the statute did not impose the novel duty of snow and ice removal upon the landlord. We find that the decision in LaCourse supports our holding that the requirement to keep common areas "safe" or clean does not include a requirement to remove the natural accumulation of snow and ice.
We find that even if all factual questions were resolved in favor of appellant, the appellant cannot prevail because of the resolution of the question of law in favor of the appellee. The interpretation of the lease language in the case sub judice is a question of law. Therefore, we find that the trial court did not error in granting summary judgment to appellee.
Appellant's sole assignment of error is overruled.
JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Tuscarawas County Court of Common Pleas is affirmed. Costs to appellant.
Hon. Julie Edwards, P.J. Hon. Sheila Farmer, J. Hon. John Wise, J. concurs.
[1] It is not clear that appellant has demonstrated that she slipped on ice. Appellee claims that there is a fatal inconsistency between her deposition testimony, stating that she did not know the cause of her fall, and her affidavit's assertion that she slipped on ice. In support of her allegation, appellant provided affidavits from two of her neighbors which stated that after they became aware that appellant had fallen, they saw ice in the vicinity of her fall. We note that a number of appellate courts, including this court, have held that a non-moving party cannot defeat a motion for summary judgment by creating an issue of fact through an affidavit that is contradictory to testimony from a previous deposition. Gutlove v. Fisher Foods (Nov. 20, 2000), Stark App. No. 2000CA00098, unreported, 2000 WL 1727103 (citing Zara v. Gabrail
(Dec. 21, 1998), Stark App. 98-CA-0064, unreported). However, we find that we need not resolve this issue in order to determine whether summary judgment was appropriate. For the purpose of this analysis, we will assume, arguendo, that appellant has successfully made a claim that she slipped on ice.
[2] The Lease states:
"10. Maintenance:
a. The landlord agrees to:
 (1) regularly clean all common areas of the project;
 (2) maintain the common areas and facilities in a safe condition;
. . .
(8) maintain grounds and shrubs."
[3] The Landlords and Tenants Act of 1974 provides, in pertinent part: "A landlord who is a party to a rental agreement shall . . . [k]eep all common areas of the premises in a safe and sanitary condition. . . ." R.C. 5321.04(A)(3).