DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the judgment of the Scioto County Court of Common Pleas which granted summary judgment in favor of Defendants-Appellees Tammy and William Wolfe.
 {¶ 2} Plaintiff-Appellant Richie Crawford argues that summary judgment should not have been granted because common-law landlord immunity does not apply to this per se negligence case, and genuine issues of material fact exist as to proximate cause.
 {¶ 3} We find appellant's argument to be well taken and reverse the judgment of the trial court.
 I. The Proceedings Below {¶ 4} In 1995, Plaintiff-Appellant Richie Crawford agreed to rent a house in Portsmouth, Ohio, from Defendants-Appellees Tammy and William Wolfe. The agreement was for a month-to-month lease, but the parties did not memorialize the agreement in writing.
 {¶ 5} At the time Crawford rented the house, she was recovering from knee surgery and had to wear a knee brace and use a walking cane.
 {¶ 6} The house that the Wolfes leased to Crawford was in need of repair. First, the sole usable access to the home had steps without a handrail. This entrance required the use of four concrete steps: three steps leading from the ground level to a porch attached to the house, and one more step leading from the porch to the front door. There was no handrail accompanying the steps from the ground level to the porch.
 {¶ 7} Second, the house had no rain gutters.
 {¶ 8} Although the Wolfes had agreed to install a handrail and rain gutters before Crawford had moved in, these additions were never made. After Crawford had moved into the house, the Wolfes again stated that they would make these additions to the house. And, once again, the Wolfes failed to make the promised additions.
 {¶ 9} In February 1996, Crawford came home to find the sidewalk outside her house, and the three steps leading to her porch, covered in ice; this despite her having spread salt on these areas earlier that day.
 {¶ 10} Crawford watched as rain poured off of her roof, where rain gutters should have redirected the water, and froze on the ground, adding to the already icy sidewalk and steps.
 {¶ 11} In order to avoid the slippery sidewalk, Crawford made her way to the steps by way of her yard, finding better footing on the grass that she had on the concrete. She then attempted to climb the steps by supporting herself on a porch brace. Despite her efforts, she slipped on the very first step and fell backwards, breaking her wrist and spraining her ankle.
 {¶ 12} In May 2000, Crawford filed a negligence claim in the Scioto County Court of Common Pleas against the Wolfes.[1]
 {¶ 13} In response, the Wolfes filed an answer in which they set forth numerous defenses, including comparative negligence and assumption of the risk. They then filed a motion for summary judgment, presenting three arguments: they were entitled to common-law landlord immunity, they had no duty to clear the ice, and the lack of a handrail was an "open and obvious" danger.
 {¶ 14} In September 2001, the trial court granted the Wolfes' motion for summary judgment.
 II. The Appeal {¶ 15} Appellant timely filed an appeal with this Court, assigning the following error for our review: "The court erred in granting the defendants-appellees motion for summary judgment, by finding that the a [sic] landlord out of possession and control of a leases [sic] premises is not liable for damages sustained by a hazardous condition of the premises when a statute, [R.C. 5321.04(A)], imposes a duty to repair on a landlord."
 {¶ 16} Appellate review of a trial court's ruling granting a motion for summary judgment is de novo. See Temple v. Wean United, Inc.
(1977), 50 Ohio St.2d 317, 364 N.E.2d 267; accord Wille v. HunkarLaboratories, Inc. (1998), 132 Ohio App.3d 92, 724 N.E.2d 492. Accordingly, we must evaluate, wholly independent of the trial court's determination, whether the Wolfes' motion for summary judgment was properly granted.
 {¶ 17} The standard of review in summary-judgment cases is well settled. The Supreme Court of Ohio explained the appropriate analysis of such matters as follows: "Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor." Zivich v. Mentor SoccerClub, Inc. (1998), 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201, 204.
 {¶ 18} To recover in a negligence action, the plaintiff has the burden of demonstrating that: (1) the defendant had a duty to protect the plaintiff from injury; (2) the defendant breached that duty; and (3) the defendant's breach proximately caused the plaintiff's injury. See Simmersv. Bentley Constr. Co. (1992), 64 Ohio St.3d 642, 1992-Ohio-42,597 N.E.2d 504.
 {¶ 19} Thus, in responding to a motion for summary judgment on a negligence claim, the plaintiff must set forth specific facts which reasonable minds could find satisfy these elements. See Thewlis v.Munyon (Feb. 16, 1994), Medina App. No. 53414.
 A. Duty of Care {¶ 20} To establish a breach of the duty of care, or negligence, the plaintiff must show that the defendant failed to act with reasonable care. There are two ways that the standard of care may be established. See, generally, Jeffrey L. Nischwitz, The Crumbling Tower of Architectural Immunity: Evolution and Expansion of the Liability to Third Parties (1984), 45 Ohio St.L.J. 217, 252.
 {¶ 21} The first way is a general reasonable-person standard. This standard requires the plaintiff to show that the defendant failed to behave as an ordinary prudent person would have acted under like circumstances. See id. This reasonable-person standard requires the fact-finder to evaluate the evidence and draw on her commonsense and experience to pass judgment on the defendant's behavior.
 {¶ 22} The second way to establish a standard of care is to look to a statute. Legislatures routinely enact statutes establishing standards of care for common situations. See id. The impact of violating a statutorily defined standard of care varies from jurisdiction to jurisdiction. Some jurisdictions hold that violation of such a standard of care results in negligence per se, while others hold that such a violation is only evidence of negligence. Compare Martin v. Herzog (N.Y. 1920), 228 N.Y. 164, 126 N.E. 814, with Zeni v. Anderson (Mich. 1976)397 Mich. 117, 243 N.W.2d 270.
 B. Ohio's Landlord-Tenant Act {¶ 23} For most of the twentieth century, common law governed the relations between a landlord and tenant in Ohio. Thus, the standard of care used for determining whether there was a breach of duty was left solely to the broad reasonable-person standard. See Brett P. Barragate,Time for Legislative Action: Landlord Liability in Ohio for LeadPoisoning of a Tenant (1995), 43 Clev.St.L.Rev. 529.
 {¶ 24} However, in 1974 the Ohio legislature adopted the Landlord-Tenant Act. See id. This act set forth, inter alia, a statutorily defined standard of care. The provision of the Landlord-Tenant Act relevant to this appeal is R.C. 5321.04(A)(2).
 {¶ 25} R.C. 5321.04(A)(2) places an affirmative duty upon the landlord to monitor the premises and to keep them in a fit and habitable condition. Specifically, it requires a landlord to comply with all state and local housing and safety codes, and to "do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition." R.C. 5321.04(A)(2).
 {¶ 26} In Shroades v. Rental Homes, Inc. (1981), 68 Ohio St.2d 20,427 N.E.2d 774, the Supreme Court of Ohio explained that the purpose of the Landlord-Tenant Act is to protect tenants from injuries and held that a violation of the statute is negligence per se. However, the Shroades
Court was mindful of the interests of the landlord and went on to state that, in addition to showing a violation of the statute, a tenant must make two additional demonstrations: (1) that the violation proximately caused the plaintiff's injuries; and (2) that the landlord had notice of the defective condition.
 1. Violation of the Statute {¶ 27} In the present case, there is no question that the Wolfes violated two provisions of the local housing and safety codes. Crawford points to two provisions of the Property Maintenance Code of the Codified Ordinances of the City of Portsmouth: one requiring rain gutters, the other requiring handrails for sets of three steps or more. The Wolfes do not contest these violations.
 {¶ 28} Moreover, the maintenance of the sole means of ingress to a rented residence certainly invokes the requirement that the landlord "do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition." R.C. 5321.04(A)(2).
 {¶ 29} Therefore, we find that the Wolfes violated R.C.5321.04(A)(2).
 2. Notice {¶ 30} There is also no dispute that Crawford provided the Wolfes with notice of the defects. It is uncontested that Crawford repeatedly requested that the Wolfes install a handrail and rain gutters. Nor is it contested that the Wolfes failed to follow through on their agreement to make these requested repairs.
 3. Proximate Cause {¶ 31} The sole remaining issue is whether the violations of the statute were the proximate cause of Crawford's injuries.
 {¶ 32} The issue of proximate cause is one of fact. See Andersonv. Ceccardi (1983), 6 Ohio St.3d 110, 451 N.E.2d 780; accord Ricciardov. Weber (Dec. 22, 1989), Liking App. No. CA-3452 (explaining that, "`Duty' is generally a question of law; `breach of duty,' `proximate cause,' and `damages' are generally questions of fact").
 {¶ 33} However, "[j]ust because a particular element of a claim * * * involves a question of fact does not automatically preclude [it] from * * * summary judgment. The inquiry * * * is whether the moving party * * * demonstrated the absence of a * * * material fact and * * * whether the nonmoving party * * * responded * * * demonstrating the existence of a * * * material fact." Shalkhauser v. City of Medina, Medina App. Nos. 3238-M and 3249-M, 2002-Ohio-222.
 {¶ 34} Here, Crawford, in a deposition, set forth the mechanics and circumstances surrounding her fall and the resulting injuries. This testimony could support a finding of proximate cause.
 {¶ 35} The Wolfes, on the other hand, do not present an argument that directly addresses proximate cause. Rather, they present an argument that mixes a number of concepts; namely, common-law landlord immunity, the affirmative defense of assumption of the risk, and the open-and-obvious-danger doctrine. We will address these arguments in turn.
 a. Landlord Immunity {¶ 36} The Wolfes argue that common-law landlord immunity should preclude Crawford from recovery. Specifically, they maintain that "a person who does not have either possession or control of the property is not liable for damages resulting from the condition of the property." We find this argument to be without merit.
 {¶ 37} In 1994, twenty years after the promulgation of the Landlord-Tenant Act, the Supreme Court of Ohio, in Shump v. FirstContinental-Robinwood Assocs. (1994), 71 Ohio St.3d 414, 1994-Ohio-427,644 N.E.2d 291, recognized the apparent confusion in Ohio's lower courts regarding the interpretation of the Act. Specifically, the court addressed the applicability of common-law principles of landlord liability to the Act: "[a] landlord's liability to a tenant is determined by a landlord's common-law immunity from liability and any exceptions to that immunity that a court or a legislative body has created." Id. at 419, 1994-Ohio-427, 644 N.E.2d at 296.
 {¶ 38} The court then went on to explain that R.C. 5321.04 is one of the statutory exceptions to a landlord's common-law immunity:
 {¶ 39} "In Stackhouse v. Close (1911), 83 Ohio St. 339, 94 N.E. 746, paragraph one of the syllabus, this court expressly accepted some of these exceptions by stating, `A lessor of a building out of possession and control is not liable to the tenant or other person rightfully on the premises for their condition, in the absence of deceit or of any agreement or liability created by statute.' (Emphasis added.) See, also, [Shroadesv. Rental Homes, Inc. (1981), 68 Ohio St.2d 20, 427 N.E.2d 774] (noting that the `breach of a duty imposed by statute has been one exception to the landlord's immunity from tort claims'). R.C. 5321.04 is one of thestatutory exceptions to a landlord's common-law immunity and has expandedthe duties a landlord owes to [tenants]. (Emphasis added.) Shump v. FirstContinental-Robinwood Assocs., 71 Ohio St.3d 419, 1994-Ohio-427,644 N.E.2d 296.
 {¶ 40} Accordingly, the Supreme Court of Ohio made it clear that R.C. 5321.04 is an exception to common-law landlord immunity. As we have found that R.C. 5321.04 applies in this case, it is clear that the Wolfes are precluded from immunity by way of common-law landlord-immunity principles.
 {¶ 41} We note that the Wolfes rely heavily on Ault v. Provenza
(May 15, 1996), Lorain App. No. 95CA2610. In Ault, the Ninth District Court of Appeals held that a landlord was not liable for the injury of a third party who was on the landlord's rented premises at the invitation of the tenant. The Ault Court based its decision on the fact that the third party was classified as an invitee and elected to use stairs despite her full knowledge that there was not a handrail. In support of its finding, it relied on case law predating the implementation of the Landlord-Tenant Act.
 {¶ 42} This case is entirely inapplicable to the case sub judice because it involves premises-liability law, not landlord-tenant law. In fact, the Supreme Court of Ohio in Shump, supra, specifically addressed this precise issue:
 {¶ 43} "The legal duty that a landlord owes a tenant is not determined by the common-law classifications of invitee, licensee, and trespasser under the law of premises liability; instead, a landlord's liability to a tenant is determined by a landlord's common-law immunity from liability and any exceptions to that immunity that a court or a legislative body has created. * * *. In point of fact, the exceptions nearly have swallowed up the general rule of landlord immunity. Some of the commonly accepted exceptions that give rise to landlord liability include the following: * * * breach of a statutory duty; and negligent performance of a contractual or statutory duty to repair." Shump v. FirstContinental-Robinwood Assocs., 71 Ohio St.3d 418, 1994-Ohio-427,644 N.E.2d 295.
 {¶ 44} However, the Wolfes' argument, if it were applied to a tenant instead of a third party as it was in Ault, suggests the affirmative defense of assumption of the risk and the open-and-obvious-danger doctrine. We will address these doctrines as they apply in this case.
 b. Assumption of the Risk {¶ 45} The Supreme Court of Ohio, in Anderson v. Ceccardi,6 Ohio St.3d at 110, 451 N.E.2d at 780, was presented with a factually and legally similar situation to that in the instant case.
 {¶ 46} In Anderson, the plaintiff rented a home from the defendant. Plaintiff averred that he repeatedly asked the landlord-defendant to fix the steps leading to his house. Although the defendant stated that he would repair the steps, he never did. Ultimately, the plaintiff was injured traversing these steps. The plaintiff filed a negligence claim in the trial court and the defendant filed a motion for summary judgment. The trial court granted the defendant's summary-judgment motion, finding that the defense of assumption of the risk served as an absolute bar to the plaintiff's claim. The case made its way to the Supreme Court of Ohio, where the grant of the landlord's summary-judgment motion was reversed.
 {¶ 47} In reaching this conclusion, the Anderson Court held that the defenses of assumption of the risk and comparative negligence were to be merged:
 {¶ 48} "[T]he defense of assumption of risk is merged with the defense of contributory negligence under R.C. 2315.19. The conduct previously considered as assumption of risk by the plaintiff shall be considered by the trier of the fact under the phrase `contributory negligence of the person bringing the action' under R.C. 2315.19, and the negligence of all parties shall be apportioned by the court or jury pursuant to that statute." Id. at 113, 451 N.E.2d at 783.
 {¶ 49} Further, the Anderson Court explained the following:
 {¶ 50} "In view of our holding that the defense of assumption of risk merges with the defense of contributory negligence under R.C. 2315.19, we further hold that in an action for personal injuries to a tenant proximately caused by a violation of a landlord's statutory duty under R.C. 5321.04, the landlord is negligent per se, and assumption of risk is not available as an absolute bar to a tenant's claim for recovery." Id. at 115, 451 N.E.2d at 785.
 {¶ 51} Accordingly, assumption of the risk no longer bars a tenant's recovery, but rather creates a jury question as to the comparative negligence of the parties. See, generally, May v. Gene Swartzand Associates Architect, Inc., Ross App. No. 933.
 c. The Open-and-obvious-danger Doctrine {¶ 52} The open-and-obvious-danger doctrine was developed in the context of business invitees who were injured on the owner's premises. See Schoefield v. Beulah Rd., Inc. (Aug. 26, 1999), Franklin App. No. 98AP-1475. According to this doctrine, an owner or occupier of property owes no duty to warn invitees of open and obvious dangers on the property. See Simmers v. Bentley Constr. Co., 64 Ohio St.3d at 642,1992-Ohio-42, 597 N.E.2d at 504; Sidle v. Humphrey (1968),13 Ohio St.2d 45, 233 N.E.2d 589, paragraph one of the syllabus. The rationale underlying the doctrine is that, "the open and obvious nature of the hazard itself serves as a warning." See Schoefield, supra; accordSimmers v. Bentley Constr. Co., 64 Ohio St.3d at 642, 1992-Ohio-42,597 N.E.2d at 504.
 {¶ 53} The open-and-obvious-danger doctrine goes to the landowner's duty to warn and protect against open and obvious dangers. See Sidle v. Humphrey (1968), 13 Ohio St.2d 45, 233 N.E.2d 589, paragraph one of the syllabus; Paschal v. Rite Aid Pharmacy, Inc. (1985),18 Ohio St.3d 203, 480 N.E.2d 474. Here, we are dealing with entirely different duties: the statutory duty to comply with local housing and safety codes and the duty to "do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition," pursuant to R.C. 5321.04(A)(2).
 {¶ 54} The Tenth District Court of Appeals, in Schoefieldv. Beulah Rd., Inc. (Aug. 26, 1999), Franklin App. No. 98AP-1475, squarely addressed this issue:
 {¶ 55} "A finding of negligence per se equals a finding of duty and breach of such duty. See [Pond v. Leslein (1995), 72 Ohio St.3d 50,647 N.E.2d 477]. Given that the Supreme Court in Shroades has specifically found that the failure to repair steps (steps known by the landlord and tenant to be in disrepair) constitutes negligence per se under R.C. 5321.04(A)(2), we conclude that the open and obvious doctrinemay not operate to somehow dissolve or preclude such duty. Hence, we find that appellant had a duty under R.C. 5321.04(A)(2) to repair the landing/steps. As to the other requirements under Shroades, the evidence shows that appellant had knowledge of the defect. Proximate cause was still an issue, and the trial court properly concluded that the jury should resolve any issues relating to comparative negligence." (Emphasis added.) Id.
 {¶ 56} We adopt the reasoning of Schoefield: the open-and-obvious-danger doctrine was simply not intended as an exception to the statutory duties imposed on a landlord, and which are at issue in this case.
 {¶ 57} As an aside, we stress that the duties at issue in this case were based on the Wolfes' failure to install a handrail and rain gutters, not the Wolfes' failure to clear ice and snow. While, commendably, neither party asserts in their brief to this Court that this is the duty at issue, it is important to be clear of the duties properly at issue in this case. See, generally, LaCourse v. Fleitz (1986),28 Ohio St.3d 209, 503 N.E.2d 159, syllabus (extending the open-and-obvious-danger doctrine to the removal of ice and snow on the basis that R.C. 5321.04(A)(3), a provision not at issue in this case, does not impose such a duty on landlords).
 III. Conclusion {¶ 58} Having dispelled the Wolfes' arguments, we find that reasonable minds could differ on the issues of proximate cause and comparative negligence, and that genuine issues of material fact remain. Consequently, we find that summary judgment was improperly granted to the Wolfes.
 {¶ 59} For the foregoing reasons, we sustain Crawford's assignment of error and reverse the judgment of the Scioto County Court of Common Pleas. This cause is remanded for further proceedings consistent with this opinion.
Reversed and remanded.
Abele, P.J.: Concurs in Judgment Only with Opinion.
Kline, J.: Concurs in Judgment Only.
[1] We note that this was the second time Crawford filed such a case. This second case incorporated all of the evidence and motions filed in the first case.