OPINION
{¶ 1} Plaintiff-appellant, Mary Ann Barner ("Mrs. Barner"), appeals pro se from the July 1, 2004 decision and entry of the Franklin County Court of Common Pleas, granting defendant-appellee's, Apollo Realty Finance D/B/A the Continent Apartment Homes ("Continent") motion for summary judgment. For the following reasons, we affirm the trial court's July 1 decision and entry.
 {¶ 2} On or about May 5, 2001, Mrs. Barner and her husband, Mike Barner ("the Barners") leased an apartment in Columbus, Ohio, from Continent. On the evening of January 8, 2002, Mrs. Barner, while walking to her apartment, slipped on a patch of ice in a designated common area. As a result of her fall, Mrs. Barner sustained a comminuted fracture to her left large wrist bone in addition to a displaced fracture to her left small wrist bone. Mrs. Barner incurred medical expenses in the amount of over $11,000 and lost wages in the amount of over $20,000.
 {¶ 3} On July 17, 2003, the Barners filed a complaint against Continent alleging negligence, breach of contract, and loss of consortium. On January 7, 2004, the Barners filed a second action against appellees, National Realty Corp., Continent Village, LLC, and Management Group, LLC alleging they owed a duty and negligently failed to maintain the premises.
 {¶ 4} On April 5, 2004, the trial court consolidated the cases for purposes of trial. On April 28, 2004, Continent filed a motion for summary judgment on the basis that, as a landowner, it owed no duty to Mrs. Barner for an open and obvious danger such as the accumulation of ice and snow. On May 4, 2004, the Barners filed a memorandum contra alleging that R.C. 5321.04 conferred a duty on Continent to keep the common areas free of ice and snow and that Continent contractually assumed this duty in the lease agreement entered into with the Barners.
 {¶ 5} The trial court, in granting Continent's motion for summary judgment found that, pursuant to Ohio law, Continent did not have a duty to remove the natural accumulation of ice or snow on the common area. The trial court held that the Barners presented no evidence that would support imposing liability on Continent for the Barners' injuries. It is from this decision that Mrs. Barner appeals, assigning the following as error:
ASSIGNMENT OF ERROR I
1. My attorney has a responsibility to protect my rights and he has made substantial errors that go beyond the standard of acceptable practice.
2. My attorney failed to meet his responsibility to present the facts of my case that likely do present a material for trial even though I had provided him with all information needed.
3. My attorney failed to notify me in a timely manner that he was no longer interested in representing my case.
4. As a layperson, I did not have the knowledge to oversee my attorney's performance.
5. My attorney's failure to present the relevant facts and evidence for my case to the court harmed me by resulting in an adverse judgment.
ASSIGNMENT OF ERROR II
1. The trial court judge is responsible to determine the historical facts.
2. In granting the summary judgment, the judge appeared to make a finding of fact, but rather has made a decision on a straighforward legal issue. This is not the same as adequately determining the historical facts. Failure to determine the facts led to an erroneous judgment.
3. Facts on the record regarding the context of ice are critical to the outcome and were in dispute. Even in the absence of active intervention on my behalf from my attorney, the judge could have protected my rights by recognizing that conflicting facts within the motion made summary judgment questionable.
4. Neither party had on the record presented sufficient evidence regarding facts that were in dispute to support a summary judgment.
 {¶ 6} In her first assignment of error, Mrs. Barner argues that she was denied effective assistance of counsel in that her counsel failed: (1) to present all the relevant facts and information in support of her position in the litigation; (2) failed to file a memorandum contra to Continent's motion for summary judgment; and (3) withdrew from the case 12 days before the trial court granted Continent's summary judgment motion.
 {¶ 7} Mrs. Barner's remedy for any claimed misconduct or deficiency of her trial counsel is an action directed against her counsel. See GTEAutomatic Electric, Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146,152 ("[I]f an attorney's conduct falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice"); Morris v. Durham (July 27, 1987), Washington App. No. 85 CA 23 ("When ineffective assistance of counsel occurs in a civil action, an obvious remedy available to the aggrieved party is a malpractice action against his trial counsel").
 {¶ 8} First, Mrs. Barner alleges that her counsel failed to fully disclose all the relevant facts and information "in the correct way at the correct time and place" regarding her claims against appellees. (Appellant's brief, at 4.) However, Mrs. Barner fails to call to this court's attention any specific relevant facts and additional information that her counsel failed to disclose in the original complaint and/or the deposition. Without any specificity, we are unable to find any irregularities in counsel's performance.
 {¶ 9} Secondly, Mrs. Barner claims that her counsel failed to file a memorandum contra to Continent's motion for summary judgment. A review of the record reveals otherwise. On May 4, 2004, counsel filed a "Memorandum Contra of Plaintiffs In Response to Continent Apartment Homes Motion For Summary Judgment."
 {¶ 10} Finally, Mrs. Barner contends that her counsel's decision to withdraw from the case just 12 days before the trial court issued its decision was deficient. In a letter sent to the Barners dated June 16, 2004, counsel indicated that after completing a preliminary investigation of the slip and fall case, he was withdrawing from the case, as proceeding forward with the case was not warranted based on the facts of the case and the controlling law. However, counsel did advise Mrs. Barner that before he withdrew from the case, he wanted to give her a reasonable amount of time to seek and retain a new lawyer. Counsel, in addition to advising the Barners to contact a new lawyer right away, provided them with a list of lawyers to contact. Furthermore, a review of the record reveals that Mrs. Barner was not denied the assistance of counsel during a crucial stage of the proceedings, as counsel did respond to Continent's motion for summary judgment on Mrs. Barner's behalf. It was not until after counsel filed the memorandum contra, but before the trial court ruled on Continent's motion for summary judgment, that counsel notified Mrs. Barner of his intentions to withdraw. At no time after receiving the letter from counsel did Mrs. Barner request leave from the trial court to retain new counsel prior to the trial court's ruling on the motion for summary judgment. Mrs. Barner's failure to do so does not render counsel's performance deficient.
 {¶ 11} We do not believe that the Barner's trial counsel violated any duty owed to them in his representation. Even if counsel had violated a duty owed, such a violation would not be reversible error on appeal in this civil action. Morris, supra. Mrs. Barner's first assignment of error lacks merit and is not well-taken.
 {¶ 12} In her second assignment of error, Mrs. Barner challenges the trial court's decision granting summary judgment in favor of Continent. Civ.R. 56(C) states that summary judgment shall be rendered forthwith if:
* * * [T]he pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *
 {¶ 13} Accordingly, summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. Tokles Son, Inc. v. Midwestern Indemn. Co. (1992),65 Ohio St.3d 621, 629, citing Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 65-66. "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record * * * which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. Once the moving party meets its initial burden, the nonmovant must then produce competent evidence showing that there is a genuine issue for trial. Id. Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously with any doubts resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 358-359.
 {¶ 14} Appellate review of summary judgments is de novo. Koos v.Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588; MidwestSpecialties, Inc. v. Firestone Tire Rubber Co. (1988),42 Ohio App.3d 6, 8. We stand in the shoes of the trial court and conduct an independent review of the record. As such, we must affirm the trial court's judgment if any of the grounds raised by the movant at the trial court are found to support it, even if the trial court failed to consider those grounds. [See Dresher; Coventry Twp. v. Ecker (1995),101 Ohio App.3d 38, 41-42.]
 {¶ 15} In this case, the Barners first argue that R.C. 5321.04(A)(3) imposed a duty on the landowner, Continent, to remove the natural accumulation of ice and snow. R.C. 5321.04(A)(3) imposes a duty on a landlord to "[k]eep all common areas of the premises in a safe and sanitary condition." The relevant legal issue is whether a landlord has a common law duty or a duty by virtue of R.C. 5321.04(A)(3) to keep all common areas of the leased property free of the natural accumulation of snow and ice.
 {¶ 16} The general rule in Ohio is that landlords are not liable for failing to clear naturally accumulated ice and snow from common areas on leased property. "The dangers from natural accumulations of ice and snow are ordinarily so obvious and apparent that a landlord may reasonably expect that a tenant * * * will act to protect himself against them."DeAmiches v. Popczun (1973), 35 Ohio St.2d 180, paragraph one of the syllabus (Emphasis added.) "[T]he accumulation of ice and snow is not chargeable to the owner, who did not create it." LaCourse v. Fleitz
(1986), 28 Ohio St.3d 209, 211. However, a duty is imposed where the landlord has superior knowledge above that of the tenant or the lease itself imposes a contractual duty on the landlord to clear the accumulation from the common area. Id.
 {¶ 17} Although a liberal reading should be given to R.C. 5321.04 in favoring tenant's rights, the record in this case does not contain evidence from which to infer that Continent had superior knowledge of the icy and snowy conditions on the common area. In her deposition, Mrs. Barner admitted that from the time of the last snowfall until her slip and fall accident, she traveled the same common area everyday, maybe once or twice per day. (Deposition of Mary A. Barner, at 32-33.) On the day Mrs. Barner sustained her injuries, she testified that "[t]here was ice on the pavement. There was no snow. The ice was invisible." (Depo. at 43.) Mrs. Barner was aware of the existing danger, but did not take any precautions against it.
 {¶ 18} Applying the law as set forth in LaCourse, Continent owed no duty to Mrs. Barner to keep the common area free from natural accumulations of ice or snow. Furthermore, Continent could not be charged with liability for failure to maintain the sidewalks in a reasonably safe condition, in that Mrs. Barner's knowledge of the condition of the sidewalks was equal to that of Continent. LaCourse, at 210. Consequently, any claims Mrs. Barner could have alleged regarding Continent's duty to protect her against dangers posed by natural accumulations of snow or ice on the common area fails as a matter of law. LaCourse, supra. As such, we hold that the trial court did not err in granting Continent's motion for summary judgment.
 {¶ 19} Furthermore, the Barners argue that the lease agreement with Continent imposes a duty on the landlord to remove the snow and ice. Section XVI of the lease entitled "Non-Liability" reads in pertinent part: "The Landlord has no duty to remove ice, sleet, or snow; but the Landlord may do so in whole or in part, with or without notice." As such, Continent did not have a contractual duty imposed by the lease to remove the natural accumulation of ice or snow. Accordingly, the trial court did not err in granting Continent's motion for summary judgment.
 {¶ 20} Summary judgment is a procedural vehicle designed to terminate legal claims without factual foundation. Osborne v. Lyles (1992),63 Ohio St.3d 326, 333. The absence of sufficient evidence in the record from which to infer that appellees breached a duty owed to Mrs. Barner leaves no genuine issue of material fact to be tried by a jury on an essential element of Mrs. Barner's claims. Therefore, this court finds that the trial court correctly terminated this litigation by summary judgment under Civ.R. 56. Accordingly, Mrs. Barner's second assignment of error lacks merit and is not well-taken.
 {¶ 21} For the foregoing reasons, Mrs. Barner's first and second assignments of error are overruled and the decision of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Brown, P.J., and Klatt, J., concur.