OPINION.
{¶ 1} The plaintiffs-appellants, Anna B. Sauter and her husband, Karl Sauter, appeal from the trial court's order granting summary judgment in favor of the defendantappellee, One Lytle Place, on their claims for personal injuries and loss of consortium. The claims arose as a result of Anna Sauter slipping on the floor of a kitchenette located near a swimming pool at the One Lytle Place luxury apartment complex. Because genuine issues of material fact exist concerning whether One Lytle Place had sufficient superior knowledge of the floor's slipperiness to trigger a duty to warn, we reverse.
 {¶ 2} On January 4, 2002, Sauter and her five-year-old granddaughter were at the swimming pool on the lower level of One Lytle Place. Sauter and her husband had recently signed a lease for an apartment located in One Lytle Place and were still in the process of moving in. After swimming, Sauter went to the adjoining bathroom and took a shower in her bathing suit. She then left the bathroom and walked down the hall, returning to the pool area. She noticed a Coke can left on the table where she and her granddaughter had been sitting and retrieved it. She then headed toward a trash receptacle that she had earlier seen in the kitchenette, less than ten feet from the pool.
 {¶ 3} Sauter testified in her deposition that as soon as she stepped over the threshold of the kitchenette, onto the linoleum floor, her foot suddenly slipped out from under her, and she "flew across the room." The fall caused a left wrist fracture, a right ankle sprain, and a bruised shoulder. Although there is no direct evidence in the record of the cause of her fall (an examination of the floor an hour later by the complex's property manager revealed no wetness), Sauter maintained that the only possible cause of her fall was slipperiness at the point of contact between the wet rubber sole of her sandal and the floor.
 {¶ 4} The Sauters' complaint alleged that the cause of her fall, and the source of One Lytle Place's negligence, was the floor's unusual slipperiness. They alleged that One Lytle Place had superior knowledge of the floor's unusual slipperiness and that, given this superior knowledge, it had a duty as landlord to take measures to warn tenants who, given the proximity of the pool and kitchenette, should have been expected to enter the kitchenette dripping water. The trial court granted One Lytle Place's motion for summary judgment and overruled the Sauters' cross-motion for the same.
 Standard of Review {¶ 5} Because summary judgment presents only questions of law, an appellate court reviews the record de novo. See Doe v. Shaffer,90 Ohio St.3d 388, 390, 2000-Ohio-186, 738 N.E.2d 1243. Summary judgment is appropriate where it is clear from the underlying facts set forth in the pleadings, depositions, answers to interrogatories, written admissions, and affidavits, when viewed in a light most favorable to the party opposing the motion, that (1) no genuine issue of fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) the evidence demonstrates that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party opposing the motion. See Civ.R. 56(C); see, also, Dresher v. Burt,75 Ohio St.3d 280, 293, 1996-Ohio-107, 662 N.E.2d 264.
 Premises Liability {¶ 6} At common law, a landlord's duty was to exercise reasonable care to keep the premises retained under his control for the common use of the tenants in a reasonably safe condition. See Shroades v. Rental Homes
(1981), 68 Ohio St.2d 20, 427 N.E.2d 774. In 1974, the General Assembly enacted R.C. 5321.01, the Landlord and Tenant Act, in which it attempted to broaden, but not abrogate, the common-law duties owed to tenants. Id. at 25, 427 N.E.2d 774. Specifically, R.C. 5321.04(A)(3) states that a landlord must "[k]eep all common areas of the premises in a safe and sanitary condition."
 {¶ 7} The landlord's duty to tenants, as recognized by the Ohio Supreme Court, is not materially distinct from that of a business owner to its invitees. LaCourse v. Fleitz (1986), 28 Ohio St.3d 210, 211,503 N.E.2d 159; Sidle v. Humphrey (1968), 13 Ohio St.2d 45, 50,233 N.E.2d 589. Like a business owner, a landlord's liability for an unsafe condition rests upon its superior knowledge, actual or constructive, of the danger that causes an injury. LaCourse at 210,503 N.E.2d 159, citing Debie v. Cochran Pharmacy-Berwick, Inc. (1967),11 Ohio St.2d 38, 40, 227 N.E.2d 603. See, also, Klump v. Douglas (Dec. 31, 1991), 1st Dist. No C-910060. Although not an insurer of the safety of tenants and their guests, a landlord owes a duty to maintain the premises under its control in a reasonably safe condition and to warn of unreasonably dangerous latent conditions of which the landlord has or should have knowledge. See Perry v. Eastgreen Realty Co. (1978),53 Ohio St.2d 51, 53, 372 N.E.2d 335; Paschal v. Rite Aid Pharmacy, Inc.
(1985), 18 Ohio St.3d 203, 480 N.E.2d 474.
 Analysis {¶ 8} When One Lytle Place supported its motion for summary judgment by pointing to the absence of evidence in the record of both negligence and proximate cause, the Sauters had a reciprocal burden to demonstrate the existence of such evidence. See Dresher, supra, at 293-294,662 N.E.2d 264. In its memorandum of decision, the trial court gave the following reasons for granting summary judgment to One Lytle Place: (1) the Sauters were unable to identify what Anna slipped on, thus rendering the cause of her fall a matter of speculation, and (2) other causes of her fall were equally reasonable.
 {¶ 9} We reject the trial court's reasoning that the Sauters' claims were subject to summary judgment because of Anna's admission that she could point to no foreign substance on the floor either before or after she fell. Concededly, negligence is never presumed. The plaintiff must show how and why the injury occurred. See Wesley v. The McAlpin Company
(May 25, 1994), 1st Dist. No. C-930286. A "plaintiff who cannot produce any affirmative evidence of the defendant's negligence, leaving it but one of severally equally valid theoretical causes for the actionable injury, must then undertake a process of elimination where all other negligent causes are effectively disproved. Otherwise the plaintiff would be asking the fact finder merely to speculate in his or her favor, a latitude the law does not grant." Lonaker v. Cincinnati Youth Sports
(Nov. 12, 2004), 1st Dist. No. C-030672, citing Laura v. Adler (Aug. 9, 1995), 1st Dist. No. C-940312. See, also, Gedra v. Dallmer Co. (1950),153 Ohio St. 258, 91 N.E.2d 256, paragraph two of the syllabus;Westinghouse Electric Corp. v. Dolly Madison Corp. (1975),42 Ohio St.2d 122, 127, 326 N.E.2d 621: Minnich v. Ashland Oil Co.
(1984), 15 Ohio St.3d 396, 398, 473 N.E.2d 1199.
 {¶ 10} But we have consistently held that even though a business invitee may not have seen a substance on the floor before falling, a genuine issue of material fact as to negligence and proximate cause may be predicated upon circumstantial evidence. See Wesley, quoting Boles v.Montgomery Ward Co. (1950), 153 Ohio St. 381, 389, 92 N.E.2d 9. Whether a genuine issue of material fact exists depends on whether the evidence presents "a substantial disagreement to require submission to a jury" or whether it is so "one-sided that one party must prevail as a matter of law." Turner v. Turner (1993), 67 Ohio St.3d 337, 340,617 N.E.2d 1123, citing Anderson v. Liberty Lobby, Inc. (1986),447 U.S. 242, 251-252,106 S.Ct. 2505
 {¶ 11} Here, Anna Sauter stated that when she stepped on the tile of the kitchenette, her feet "zoomed" out from under her. She stated that prior to falling she did not see any "spilled fluids or other foreign substances on the floor." But she described the floor as having a "high sheen" and "far more slippery than I could have imagined under the circumstances." She stated that "the only explanation of which [she could] imagine [for her fall] is that the slippery condition of the floor caused my wet or damp sandal to slip out from under me when I stepped onto the floor." Clearly, in our view, there was sufficient circumstantial evidence to create a triable issue whether Anna's fall was caused by the unusual slipperiness of the floor.
 {¶ 12} One Lytle Place next argues that even if it is assumed that Anna slipped because the floor was unusually slippery, the Sauters did not produce evidence that it knew or should have known of the risk posed by the floor's slipperiness, because no one had fallen on the kitchenette floor before. This argument is not persuasive, however, in light of the testimony of David Hayden, One Lytle Place's maintenance supervisor. He testified that an employee mopped the kitchen floor every two weeks. He testified also that a diluted amount of wax was applied to the floor even though the tile was "no-wax." After the floor was cleaned and mopped, the janitorial crew was instructed to put up a "wet floor" sign because of the floor's noticeable slipperiness. He responded negatively when asked whether he was aware of any condition that might have caused Anna to fall other than water or wetness. Giving the Sauters the benefit of all favorable inferences, as is required by Civ.R. 56, we hold that Hayden's testimony was sufficient to create a triable issue whether One Lytle Place had knowledge of the floor's slipperiness superior to that of its tenants and their guests.
 {¶ 13} Given the evidence concerning the unusual slipperiness of the floor and One Lytle Place's superior knowledge of its slipperiness, we also hold that the Sauters created a triable issue of whether One Lytle Place had a duty to warn its tenants and their guests, particularly those coming in from around the pool area, to take particular caution upon entering the kitchenette. As noted by Prosser, a possessor of land is "under an obligation to disclose to the licensee [and, by extension, an invitee] any concealed dangerous conditions of the premises of which he had knowledge." Prosser, Law of Torts (4 Ed. 1971) 381, Section 60. "The licensee [or invitee] may be required to accept the premises as the occupier uses them, but he is entitled to at least equal knowledge of the danger, and should not be expected to assume the risk of a defective bridge, an uninsulated wire, an unusually slippery floor, or a dangerous step, in the face of a misleading silence." Id. (Emphasis supplied.)
 {¶ 14} Our holding, it bears emphasis, is only that the evidence here creates a triable issue of a duty to warn, not necessarily that the facts at trial will persuade a jury that such a duty existed. As Prosser also notes, the duty of the owner or landlord does not include warning licensees or invitees of dangers that are known or ought to have been known to the person suffering injury. Id. at 381-382. As One Lytle Place points out, everyone knows, or indeed ought to know, that tile is generally slippery and becomes more so when wet. We agree with this general proposition and readily acknowledge that property owners are not insurers guaranteeing an accident-free environment. But this case presents a unique factual scenario in that the kitchenette was located near the pool and obviously designed for users of the pool. Arguably, therefore, the kitchenette's location and particular use created an extra risk with a heightened degree of foreseeability and a greater duty to warn, similar to that of a janitorial crew warning of a freshly mopped floor. Prosser makes clear that a possessor of land has a duty to "take reasonable precautions to protect the invitee from dangers which are foreseeable from [the premises'] arrangement or use." Id. at 393, Section 61 (emphasis supplied). As Prosser further notes, "The obligation [to warn] extends to the original construction of the premises, where it results in a dangerous condition." Id. at 393 (emphasis supplied).
 {¶ 15} In sum, we hold that the Sauters presented evidence that (1) the floor of the kitchenette was unusually slippery, whether because of its construction or treatment, or the presence of water brought in on Anna's sandals or on others entering from around the pool; (2) that One Lytle Place had knowledge of the unusual slipperiness of the floor that could be construed as superior to that of its tenants and their guests; and (3) in view of the arrangement and use of the kitchenette in relation to the pool, such superior knowledge of the floor's unusual slipperiness gave rise to a duty to warn, the breach of which either proximately caused or contributed to Anna Sauter's injury.
 Ancillary Issues {¶ 16} Parenthetically, we note that the complex's property manager stated that the leasing consultant had told her that when the Sauters were first shown their apartment, Anna almost fell and "admitted to having several strokes and that she was unsteady on her feet." The trial court correctly did not mention this statement in its decision, as the statement was blatant hearsay and inadmissible under Evid.R. 802.
 {¶ 17} Finally, it is unnecessary to address the Sauters' claim that the trial court abused its discretion by permitting withdrawal of the admissions by One Lytle Place due to their failure to timely answer its request for admissions under Civ.R. 36(A). This issue is rendered moot by our earlier discussion. See App.R. 12(A)(1)(c).
 {¶ 18} Accordingly, we sustain the Sauters' assignment of error, reverse the trial court's judgment, and remand this case to the trial court for further proceedings according to law.
Judgment reversed and cause remanded.
HILDEBRANDT, P.J., concurs. SUNDERMANN, J., dissents.