OPINION.
{¶ 1} Terry Hall, the defendant-appellant, appeals from the trial court's order granting summary judgment on his counterclaim for personal injuries in favor of his landlord, plaintiff-appellee Matthew M. Pine. Because we conclude that the evidentiary material in the record fails to raise genuine issues of material fact concerning the presence of an unsafe condition in violation of R.C. 5321.04(A), we overrule Hall's single assignment of error.
 {¶ 2} While moving his belongings following his eviction, Hall alleged, he fell on the stairs outside the apartment that he and his girlfriend had rented from Pine. The stairs consisted of five steps, covered with carpet, leading to a landing. He described the carpet as worn with "some slight rips and tears." Hall said that, before he fell, he had been up and down the steps fifty times that day. He said that as he was carrying three dresser drawers down the stairs, he caught the heel of his skateboard shoe in the stair carpet, causing him to fall and sustain injuries.
 {¶ 3} Hall alleged that Pine had breached the duty imposed by R.C.5321.04(A)(3) to keep the apartment common areas in a safe condition. He testified that, about seven months before his fall, he telephoned Pine and left a message on his answering machine reporting what he described as "like when the stairs get really wet they get slick and I let him know about like little tad bits in the carpet." He testified that Pine never responded, but also acknowledged that it was possible that Pine had not received the message. He did not follow up or again try to contact Pine about the carpet on the stairs. Neither did Hall notify the resident maintenance man employed by Pine about the condition of the carpet.
 {¶ 4} Summary judgment is a procedural device to determine if triable factual issues exist. The credibility of the witnesses is reserved for the trier of the facts, and in the review of a summary-judgment motion, any doubts must be resolved in favor of the nonmoving party. See Murphyv. Reynoldsburg, 65 Ohio St.3d 356, 358-359, 2001-Ohio-1286,604 N.E.2d 138.
 {¶ 5} A motion for summary judgment should be granted only if, after viewing the facts set forth in the pleadings, depositions, answers to interrogatories, written admissions, and affidavits in a light most favorable to the party opposing the motion, the trial court determines (1) that no genuine issue of material fact remains to be litigated; (2) that the moving party is entitled to judgment as a matter of law; and (3) that the evidence demonstrates that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party opposing the motion. See Civ.R. 56(C); see, also, Dresher v. Burt, 75 Ohio St.3d 280,293, 1996-Ohio-107, 662 N.E.2d 264; Rogers v. Sears, Roebuck and Co., 1st Dist. No. C-010717, 2002-Ohio-3304. Review of the entry of summary judgment is de novo. See Polen v. Bake, 92 Ohio St.3d 563, 564-565,2001-Ohio-1286, 752 N.E.2d 258.
 {¶ 6} At common law, a landlord's duty was to exercise reasonable care to keep the premises retained under his control for the common use of tenants in a reasonably safe condition. See Schroades v. Rental Homes,Inc. (1981), 68 Ohio St.2d 20, 427 N.E.2d 774. In 1974, the General Assembly enacted R.C. 5321.01, the Landlord and Tenant Act, attempting to broaden, but not abrogate, the common-law duties owed to tenants. See id. at 25, 427 N.E.2d 774. Specifically, R.C. 5321.04(A)(3) states that a landlord must "[k]eep all common areas of the premises in a safe and sanitary condition." A violation of the statutory duties imposed by R.C.5321.04(A) constitutes negligence per se, "but a landlord will be excused from liability * * * if he neither knew nor should have known of the factual circumstances that caused the violation." Sikora v. Wenzel,88 Ohio St.3d 493, 2000-Ohio-406, 727 N.E.2d 1277, syllabus (Schroadesv. Rental Homes, Inc., clarified).
 {¶ 7} As recognized by the Ohio Supreme Court, a landlord's duty to his or her tenants is not materially different than that of a business owner to its invitees. See LaCourse v. Fleitz (1986), 28 Ohio St.3d 210,211, 503 N.E.2d 159; see, also Sidle v. Humphrey (1968), 13 Ohio St.2d 50,233 N.E.2d 589. Accordingly, a landlord's liability for an unsafe condition on the premises rests upon the landlord's superior knowledge, actual or constructive, of the danger that causes an injury. See LaCoursev. Fleitz at 210, 503 N.E.2d 159, citing Debie v. CochranPharmacy-Berwick, Inc. (1967), 11 Ohio St.2d 38, 40, 227 N.E.2d 603; see, also, Sauter v. One Lytle Place, 1st Dist. No. C-040266, 2005-Ohio-1183, at ¶ 7. Although not an insurer of the safety of tenants and visitors, the landlord owes a duty to maintain the premises under the landlord's control in a reasonably safe condition and to warn of unreasonably dangerous latent conditions of which the landlord has or should have knowledge. See Perry v. Eastgreen Realty Co. (1978),53 Ohio St.2d 51, 53, 372 N.E.2d 335.
 {¶ 8} An alleged defect in the premises that is so trivial or minor as to constitute the type of condition that is routinely encountered and to be expected does not, as a matter of law, provide the basis for a landlord's liability. See Helms v. Am. Legion, Inc. (1966),5 Ohio St.2d 60, 213 N.E.2d 734, syllabus; Bauldauf v. Kent StateUniversity (1988), 49 Ohio App.3d 46, 49, 550 N.E.2d 517.
 {¶ 9} In this case, Hall's evidence of an unsafe condition was at best his vague reference to "some slight rips or tears" or "tad bits," in the carpet. The three photographs submitted as exhibits were not to scale and required impermissible speculation as to the extent of any defect in the carpet's condition. Pine testified that despite his visits every other month he was not aware of any defect in the carpet. Construing the evidence in this record most strongly in favor of Hall, we hold that it was not sufficient as a matter of law to establish that what Hall alleged caused him to fall was anything but a trivial imperfection in the carpet. See Helms v. Am. Legion, Inc., syllabus.
 {¶ 10} Furthermore, the record does not directly or by implication show that Pine or the resident maintenance man knew or should have known, as Hall claims, that the carpet posed an unsafe condition for tenants and visitors using the steps. Hall conceded that, during his tenancy, Pine did respond to Hall's telephone calls about needed maintenance and made various repairs such as one to a toilet. For a period of seven months after his telephone call to Pine, Hall acknowledged, he did not complain to Pine or report the condition of the carpet to the resident maintenance man. There was no evidence that Pine ever received the message Hall said he left for Pine concerning the stairs seven months before his fall. Therefore, Pine was entitled to summary judgment. See Jennings v. Ameritrust Company (Oct. 6, 1994), 8th Dist. No. 66867.
 {¶ 11} The judgment of the trial court is affirmed.
Judgment affirmed.
Sundermann and Hendon, JJ., concur.