OPINION
{¶ 1} Plaintiff-appellant, Charles H. Bowen, appeals from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendants-appellees, Columbus Airport Limited Partnership and Winegardner Hammons, Inc., in this "slip and fall" case. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On January 26, 2006, appellant filed a complaint against appellees alleging that he was injured as a result of appellees' negligence. Appellant alleged that, at *Page 2 
approximately 6:30 a.m., on February 10, 2005, he arrived at appellees' hotel, "The Radisson Hotel," now known as "The Marriott Hotel," on North Cassady Avenue. The purpose of appellant's visit to the hotel was to attend a business meeting held by his employer, who had rented a hotel conference room. Appellant alleged that, as he walked from his car to the entrance of the hotel, he slipped and fell on ice covering the parking lot. He additionally alleged that he was severely and permanently injured as a direct and proximate result of appellees' negligence.
 {¶ 3} In November 2006, appellees filed a motion for summary judgment, alleging that appellant's claim against them fails because they were not liable for any injuries to appellant resulting from the natural accumulation of ice and snow in the parking lot of the hotel. On December 18, 2006, the trial court granted appellees' motion for summary judgment, finding that appellees demonstrated that the ice upon which appellant fell was a natural accumulation of ice and was an open-and-obvious hazard. The court resolved that appellees had demonstrated a lack of a genuine issue of material fact concerning appellant's claim against them, and that appellant had failed to respond to appellees' motion and present any evidence to support his claim.
 {¶ 4} On December 20, 2006, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B). On January 10, 2007, the trial court issued a decision regarding said motion. In the decision, the trial court discussed the explanation set forth by appellant's counsel for why appellant's response to appellees' motion for summary judgment had not been timely filed, found it convincing, and therefore reviewed its December 18, 2006 decision taking into account appellant's memorandum contra to appellees' motion for summary judgment. However, the court still found that the snow *Page 3 
and ice upon which appellant slipped and fell was a natural accumulation of snow and ice and was an open-and-obvious hazard. On that basis, the court found no reason to relieve appellant from its December 18, 2006 judgment, and accordingly denied the motion for relief. Subsequently, the trial court filed a judgment entry granting appellees' motion for summary judgment.
 {¶ 5} Appellant appeals from the judgment of the trial court and raises the following assignment of error for our review:
 The trial court erred by granting summary judgment in favor of Defendants] when the record presents genuine issues of material fact that demand resolution by the trier of fact.
 {¶ 6} By his single assignment of error, appellant contends that the trial court erred in granting summary judgment in favor of appellees. To prevail on a motion for summary judgment, the moving party must demonstrate that, when the evidence is construed most strongly in favor of the nonmoving party, no genuine issue of material fact remains to be litigated and that it is entitled to judgment as a matter of law. Civ.R. 56(C); Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64. A genuine issue of material fact exists unless it is clear that reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. Williams v. First United Church of Christ (1974),37 Ohio St.2d 150, 151. Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously, with any doubts resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356, 358-359.
 {¶ 7} An appellate court's review of a summary judgment disposition is independent and without deference to the trial court's determination.Brown v. Scioto Cty. *Page 4 Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711. Thus, in determining whether a trial court properly granted a summary judgment motion, an appellate court must review the evidence in accordance with the standard set forth in Civ.R. 56, as well as the applicable law. Murphy, supra.
 {¶ 8} In this action, appellant alleges that he was injured on appellees' property as a proximate result of appellees' negligence. To establish a cause of action for negligence, a plaintiff must show the existence of a duty, breach of that duty, and an injury proximately caused by the breach. Texler v. D.O. Summers Cleaners Shirt LaundryCo. (1998), 81 Ohio St.3d 677, 680; Strother v. Hutchinson (1981),67 Ohio St.2d 282, 285.
 {¶ 9} In premises-liability cases, the legal status of the person who enters upon the land of another determines the scope of the duty owed to him by the landowner. See Kleisch v. Cleveland State Univ., Franklin App. No. 05AP-289, 2006-Ohio-1300, at ¶ 11. In this case, there is no dispute that appellant was a business invitee of appellees. "[B]usiness invitees are those persons who come upon the premises of another, by invitation, express or implied, for some purpose which is beneficial to the owner." Baldauf v. Kent State Univ. (1988), 49 Ohio App.3d 46, 47. An owner or occupier of premises owes business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger. Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203. The duty of care owed by a business owner includes providing a reasonably safe ingress and egress for business invitees. Albright v.Univ. of Toledo (Sept. 18, 2001), Franklin App. No. 01AP-130, citingTyrrell v. Investment Assoc, Inc. (1984), 16 Ohio App.3d 47. A *Page 5 
business owner, however, is not an insurer of a customer's safety.Paschal, at 203; S. S. Kresge Co. v. Fader (1927), 116 Ohio St. 718, 724
(noting that "[n]ot every accident that occurs gives rise to a cause of action upon which the party injured may recover damages from some one. Thousands of accidents occur every day for which no one is liable in damages, and often no one is to blame, not even the ones who are injured").
 {¶ 10} Although a business owner owes a duty to provide a reasonably safe ingress and egress for business invitees, its duty to business invitees does not extend to hazards from natural accumulations of ice and snow. See Bailey v. River Properties, Cuyahoga App. No. 86968,2006-Ohio-3846, at ¶ 11-12; Tyrrell, at 49. "[I]t is well established that an owner or occupier of land ordinarily owes no duty to business invitees to remove natural accumulations of ice and snow from the private sidewalks on the premises, or to warn the invitee of the dangers associated with such natural accumulations of ice and snow."Brinkman v. Ross (1993), 68 Ohio St.3d 82, 83; see, also, Sidle v.Humphrey (1968), 13 Ohio St.2d 45; Debie v. Cochran Pharmacy-Berwick,Inc. (1967), 11 Ohio St.2d 38. Regarding parking lots, the Supreme Court of Ohio, in Jeswald v. Hutt (1968), 15 Ohio St.2d 224, paragraph one of the syllabus, held that "[o]ne who maintains a private motor vehicle parking area, for the accommodation of those he serves in a professional or business way, is generally under no legal obligation * * * to remove a natural accumulation of snow and ice therefrom." The rationale supporting these decisions is that "everyone is assumed to appreciate the risks associated with natural accumulations of ice and snow and, therefore, everyone is responsible to protect himself or herself against the inherent risks presented by natural accumulations of ice and *Page 6 
snow." Brinkman, at 84, citing both Debie and Sidle. "[S]now and ice are part of wintertime life in Ohio." Lopatkovich v. City of Tiffin (1986),28 Ohio St.3d 204, 206.
 {¶ 11} There are two well-established exceptions to the general rule that an owner or occupier of premises owes no duty to business invitees regarding accumulations of ice and snow, which is also known as the "no-duty winter rule." See Sherlock v. Shelly Co., Franklin App. No. 06AP-1303, 2007-Ohio-4522.
 {¶ 12} If an owner or occupier of property is shown to have had actual or implied notice that a natural accumulation of ice or snow on his or her property has created a condition substantially more dangerous than a business invitee should have anticipated by reason of knowledge of conditions prevailing generally in the area, negligence may be established. Debie, at paragraph one of the syllabus. For example, "[w]here an owner in control of a business parking area has notice, actual or constructive, that a natural accumulation of snow thereon has, by reason of covering a hole in the surface thereof, created a condition substantially more dangerous to a business invitee than that normally associated with snow, such owner's failure to correct the condition constitutes actionable negligence." Mikula v. Tailors (1970),24 Ohio St.2d 48, paragraph five of the syllabus. However, "[t]o the extent that a business invitee and the owner of the premises have equal knowledge of the usual dangers resulting solely from natural accumulations of ice and snow, the latter cannot be charged with actionable negligence with regard to such dangers." Mikula, at 56. Thus, for this exception to apply, the landowner must have "superior knowledge" of the hazardous condition. See LaCourse v. Fleitz (1986), 28 Ohio St.3d 209, 210. *Page 7 
 {¶ 13} The no-duty winter rule is also inapplicable where the owner of the premises is actively negligent in permitting or creating an unnatural accumulation of ice and snow. Kaeppner v. Leading Mgt.,Inc., Franklin App. No. 05AP-1324, 2006-Ohio-3588, at ¶ 11, citingLopatkovich, supra.
 {¶ 14} Appellant presents no argument concerning the second exception to the general rule, and we find that there is no evidence in the record even suggesting that appellees were negligent in permitting or creating an unnatural accumulation of ice and snow. However, appellant does argue that the first exception is applicable to the facts of this case. To support his position in this appeal, appellant also argues that the Sixth District Court of Appeals, in Mizenis v. Sands Motel, Inc. (1975),50 Ohio App.2d 226, recognized an exception to the no-duty winter rule when a plaintiff is provided no alternative but to encounter natural accumulations of snow and ice in an attempt to enter or exit a property. Appellant further contends that this court followed the analysis of theMizenis case in Hammond v. Moon (1982), 8 Ohio App.3d 66, 69.
 {¶ 15} The Mizenis case involved a motel guest who fell while descending an exterior stairway from a second-floor motel room. InMizenis, the plaintiff's only means of ingress and egress to his motel unit consisted of two exterior metal stairways located at opposite ends of the motel. Both stairways had been slippery due to the natural accumulation of snow and ice for three or more days prior to the plaintiff being assigned a second floor unit. After ascending the stairway, the plaintiff complained to motel staff regarding the condition. After descending the stairway, the plaintiff again complained to motel staff. In his fifth trip on the same stairs, the plaintiff fell. The plaintiff sued the motel operator for the injuries he sustained from slipping and falling. The Mizenis trial court *Page 8 
granted summary judgment in favor of the defendants, finding that there was no duty owed to the plaintiff as to the accumulation of ice and snow, and that the plaintiff voluntarily assumed the risk of the snowy and icy conditions of the stairway. The plaintiff appealed. See id.
 {¶ 16} In resolving the dispute on appeal, the court inMizenis began its analysis by stating that even if, for the sake of argument, the plaintiff was a business invitee, the legal principles expressed in Debie and Sidle would not apply. The Mizenis court distinguished the case from the Debie and Sidle case, noting that unlike those two cases, the defendants "did have actual notice that the ice and snow on the stairway created a condition substantially more dangerous to plaintiff than plaintiff should have anticipated by reason of his knowledge of the conditions prevailing generally." Id. at 229. TheMizenis court found that the "obvious and apparent danger of the snowy, icy stairway to plaintiff, as a business invitee, was not, as a matter of law, a danger that he might `reasonably be expected to protect himself against,' because the exterior stairways were the only means of ingress and egress from his motel room." Id. at 230.
 {¶ 17} In addition, the Mizenis court found that the status of the plaintiff, as a motel guest of the defendants, was "more closely akin" to that found in Oswald v. Jeraj (1946), 146 Ohio St. 676, which involved a landlord-tenant situation. Id. at 230. The court noted that a landlord, or an innkeeper to his guests, is obligated to keep stairways, entrances, and hallways in a reasonably safe condition. Id. Upon noting that general principle, the court discussed whether the plaintiff voluntarily accepted the risk under the facts of the case. In its analysis, the Mizenis court placed great emphasis on the duty of a landlord to keep common areas in a reasonably safe condition. *Page 9 
 {¶ 18} In Hammond, the plaintiff was injured when she fell on the back steps of the office building where she worked, and where her employer was a tenant. A considerable amount of snow had fallen during the plaintiff's workday, and the landlord of the building had not caused the snow to be cleared from the rear steps, even though there was evidence that he had assumed the duty of removing natural accumulations of snow and ice. The plaintiff filed an action to recover damages for injuries she sustained as a result of her fall. At trial, the defendant moved for a directed verdict. See id. The Hammond trial court sustained the defendant's motion for a directed verdict on two grounds: (1) that the defendant had not assumed the duty of clearing the snow from the rear steps of the building; and (2) that the plaintiff had assumed the risk of injury by her own conduct. Id. at 67.
 {¶ 19} On appeal, this court resolved that, as to the first issue, there was sufficient evidence to permit reasonable minds to reach the conclusion that the defendant assumed the duty of clearing natural accumulations of snow and ice from the back steps of the office building. Id. Regarding the second issue, this court found that reasonable minds could reach different conclusions as to whether the plaintiff voluntarily encountered the hazard, construing the evidence most strongly in her favor. In reaching the latter conclusion, this court stated: "Clearly, plaintiff was entitled to go home after work and was not required to remain in the office until such time as defendant finally caused the snow and ice to be removed from the back steps, assuming the trier of the facts finds he had such a duty. Thus, the basic issue is whether or not plaintiff had readily available a reasonably safe alternative means to utilize in leaving the building in order to go home." Id. at 69. Hence, for purposes of analyzing the assumption of the risk issue, this court *Page 10 
assumed that the trier of fact would find that the defendant had a duty, which is the threshold issue in a negligence case. See id.
 {¶ 20} We find appellant's reliance upon the Mizenis andHammond cases to be unavailing. As stated above, the Mizenis court resolved that the defendants had actual notice that the ice and snow on the stairway created a condition substantially more dangerous to the plaintiff than the plaintiff should have anticipated by reason of his knowledge of conditions prevailing generally. In the case at bar, we find that there is no evidence that the hazardous condition in the parking lot was substantially more dangerous than would have been reasonably expected by a business invitee in view of the conditions prevailing generally.
 {¶ 21} Here, appellant testified at his deposition that there were icy conditions everywhere, including the streets upon which he used to arrive at the hotel. He generally testified that the parking lot at the hotel was covered in ice. When he detailed the circumstances of his fall, he testified that he slipped on a large area of ice, and that his foot "hit the end of the ice and hit a dry portion of the pavement." (Bowen depo., at 41.) The only hazard appellant identified in the area he fell was that it was ice covered. Appellant does not claim that he was injured as a result of a latent or concealed hazard. Cf.Mikula, supra. However, he does argue that appellees had superior knowledge of the condition on the premises.
 {¶ 22} According to appellant, appellees had actual notice of the extent of the hazard in the parking lot, as they were informed that a visitor had fallen. The record contains affidavits of two persons who also fell in the Marriott hotel parking lot on February 10, 2005. Paul Tudor averred that, after he arrived at the hotel that morning, *Page 11 
and as he walked toward the entrance of the hotel, he slipped and fell on a "patch of ice" in the parking lot. (Oct. 25, 2006 Tudor affidavit.) Mr. Tudor also testified that he did not notify hotel staff of the condition, and that when he went to the meeting in the hotel, he learned that three others had fallen. The affidavit of Dennis Van Dusen states that he slipped and fell in the parking lot of the hotel before the business meeting, and that he informed the front desk hotel clerk of his fall and the icy conditions. Appellant asserts that while there was evidence that appellees were aware that persons had fallen on the premises, there is no evidence that he was aware of that fact. Essentially, appellant contends that appellees had superior knowledge of the hazard because they had notice that someone had fallen in the parking lot while he was not aware of that fact. This argument is unpersuasive.
 {¶ 23} Evidence that appellees had knowledge that one or more persons had fallen in the parking lot, coupled with an absence of evidence that appellant, before he fell, knew others had fallen, does not lead to the inference that appellees had superior knowledge regarding a condition in the parking lot. It is universally understood that accumulated snow and ice present slippery conditions. Learning that someone fell on the accumulated snow and ice in a parking lot would be consistent with that understanding. However, that knowledge does not create a duty to clear natural accumulations of snow and ice when it otherwise does not exist.
 {¶ 24} As noted above, the Mizenis court placed great emphasis on a landlord's duty to keep common areas reasonably safe, and focused on the means of egress available to the plaintiff. In this case, appellant seeks to apply a similar analysis to his circumstance by arguing that he had to encounter the hazard in order to enter the hotel. *Page 12 
Appellant argues that he had no reasonable alternative but to try to enter the hotel in the manner he attempted. Appellant reasons that he had to travel over ice in order to reach the entrance to the hotel. By these arguments, appellant seems to contend that appellees failed to provide a path, cleared of natural accumulations of snow and ice, for him to enter the hotel. Regardless of appellant's legal status at the time of his fall, this argument is meritless.
 {¶ 25} At common law, a landlord owed its tenants the duty of ordinary care to keep the portions of leased premises that remain under the control of the landlord in a reasonably safe condition. Howson v.Amorose (Nov. 30, 2000), Franklin App. No. 00AP-8; Pine v. Hall, Hamilton App. No. C-040653, 2005-Ohio-3488. Despite that general duty, a landlord had no duty under common law to clear naturally accumulated ice and snow from common areas of leased premises. See LaCourse, supra, at 210. In 1974, the General Assembly enacted R.C. Chapter 5321, the "Landlords and Tenants Act," which, in effect, broadened the protection afforded to tenants. See LaCourse, supra, at 211-212, citingShroades v. Rental Homes, Inc. (1981), 68 Ohio St.2d 20. The enactment included R.C. 5321.04(A)(3), which provides, in pertinent part, "A landlord who is a party to a rental agreement shall * * * [k]eep all common areas of the premises in a safe and sanitary condition[.]" However, even considering that enactment, the Supreme Court of Ohio determined that a landlord has no duty, at common law, or under R.C.5321.04(A)(3), to keep common areas of the leased premises free of accumulated ice and snow. LaCourse, at 210. Moreover, even though there is a general obligation placed upon a business owner to provide a reasonably safe ingress and egress for business invitees, *Page 13 
Ohio law does not impose a duty upon a landowner to provide a business invitee a path clear of naturally accumulated snow and ice. SeeBailey, supra.
 {¶ 26} Lastly, we note that it is possible for a landowner to assume the duty of clearing natural accumulations of snow and ice, even if that duty does not otherwise exist under statutory or common law. SeeHammond; Tom v. Catholic Diocese of Columbus, Franklin App. No. 06AP-193, 2006-Ohio-4715. But any assumption of the duty to remove natural accumulations of snow and ice must arise from the contractual relationship between the landlord and the tenant. See Tom, at ¶ 13, citing Community Ins. Co. v. McDonald's Restaurants of Ohio (Dec. 11, 1998), Montgomery App. No. 17051. In Hammond, this court determined that the defendant owed the plaintiff the same duty a landlord owes to his tenants, as the plaintiff was an employee of a tenant, and also found that there was a genuine issue regarding whether the defendant had assumed the duty of removing naturally accumulated snow and ice from common areas under his control. See id. Here, there is no dispute that appellant was a business invitee. Even so, we recognize that there might have been a contractual relationship between appellant's employer and the hotel, as the employer was holding a meeting in a conference room at the hotel. However, there is no indication in the record that appellees, through their relationship with appellant's employer, assumed the obligation to clear the parking lot of the hotel of any natural accumulation of snow and ice for the benefit of the employees of appellant's employer.
 {¶ 27} Under the facts of this case, appellees owed no duty to protect appellant from the natural accumulation of ice and snow on the premises. Therefore, the trial court properly granted summary judgment in favor of appellees. Accordingly, appellant's single *Page 14 
assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
 SADLER and TYACK, JJ., concur.
WHITESIDE, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1