[Cite as *Fitzpatrick v. Univ. of Toledo Med. Ctr.*, 2012-Ohio-3998.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KIM M. FITZPATRICK

Plaintiff

v.

UNIVERSITY OF TOLEDO MEDICAL CENTER

Defendant

Case No. 2011-06498

Judge Joseph T. Clark

ENTRY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

{¶ 1} On March 12, 2012, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). Plaintiff did not file a response. The motion is now before the court for a non-oral hearing pursuant to L.C.C.R. 4.

{¶ 2} Civ.R. 56(C) states, in part, as follows:

{¶ 3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." *See also Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317 (1977).

{¶ 4} Plaintiff asserts a claim for negligence.[1] According to plaintiff, on January 19, 2010, her nine-year-old son was suffering from a severe sore throat. Plaintiff arranged for a ride to the hospital with her friend, Tequila Colbert, to have her son examined at the emergency room. At approximately 10:00 a.m., plaintiff, her son, and Colbert arrived at the hospital. Colbert parked the vehicle in the parking lot adjacent to the emergency room entrance. Plaintiff alighted from the passenger side of the vehicle with her cell phone in one hand and her purse in the other. As plaintiff walked toward the back of the car on her way to the emergency room, she slipped on an accumulation of snow and ice and fell on the right side of her body, injuring her right arm, wrist and shoulder.

{¶ 5} Defendant contends that natural snow and ice accumulations constitute an open and obvious hazard and that it has no duty to warn of such a hazard.

{¶ 6} In order for plaintiff to prevail upon her claim of negligence, she must prove by a preponderance of the evidence that defendant owed her a duty, that defendant's acts or omissions resulted in a breach of that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 81, 2003-Ohio-2573, citing *Menifee v. Ohio Welding Products, Inc.*, 15 Ohio St.3d 75, 77 (1984). Under Ohio law, the duty owed by an owner or occupier of a premises generally depends on whether the injured person is an invitee, licensee, or trespasser. *Gladon v. Greater Cleveland Regional Transit Auth.*, 75 Ohio St.3d 312, 315, 1996-Ohio-137. Plaintiff was on defendant's premises for purposes that would classify her as an invitee, defined as a person who comes "upon the premises of another, by invitation, express or implied, for some purpose which is beneficial to the owner." *Baldauf v. Kent State Univ.*, 49 Ohio App.3d 46, 47 (10th Dist.1988). Based on plaintiff's status as an invitee, the court finds that defendant owed her a duty to exercise reasonable care in keeping the premises in a safe condition and warning her of any latent or concealed dangers of

---

[1]Plaintiff's deposition was filed with the court on March 12, 2012.

which defendant had knowledge. *Perry v. Eastgreen Realty Company*, 53 Ohio St.2d 51, 52-53 (1978); *Presley v. Norwood*, 36 Ohio St.2d 29*,* 31 (1973); *Sweet v. Clare-Mar Camp, Inc.*, 38 Ohio App.3d 6 (8th Dist.1987).

**{¶ 7}** However, a property owner is under no duty to protect an invitee from dangers known by the invitee or conditions that are so obvious and apparent to the invitee that she should reasonably be expected to discover and protect herself against them. *Paschal v. Rite Aid Pharmacy, Inc.,* 18 Ohio St.3d 203, 203-204 (1985); *Sidle v. Humphrey*, 13 Ohio St.2d 45 (1968), paragraph one of the syllabus; *Brinkman v. Ross*, 68 Ohio St.3d 82, 84, 1993-Ohio-72. "The dangers from natural accumulations of ice and snow are ordinarily so obvious and apparent that an occupier of premises may reasonably expect that a business invitee on his premises will discover those dangers and protect himself against them." *Sidle, supra*, paragraph two of the syllabus. Plaintiff has not alleged that the accumulation of snow and ice was somehow unnatural or that such an accumulation created a situation substantially more dangerous than an invitee normally associates with natural snow and ice accumulation. *Bowen v. Columbus Airport, L.P.*, 10th Dist. No. 07AP-108, 2008-Ohio-763. Moreover, "[o]ne who maintains a private motor vehicle parking area, for the accommodation of those he serves in a professional or business way, is generally under no legal obligation * * * to remove a natural accumulation of snow and ice therefrom." *Jeswald v. Hutt*, 15 Ohio St.2d 224 (1968), paragraph one of the syllabus.

**{¶ 8}** Plaintiff did not file a response to defendant's motion. In her deposition, plaintiff admitted that the snow and ice was "very visible" and that the fall was "purely a slip on the ice * * *." (Plaintiff's Deposition, p. 12.) According to plaintiff, Toledo roads that morning were very slippery, and defendant had not plowed the parking lot or salted the area to melt the ice. (Plaintiff's Deposition, p. 6.)

**{¶ 9}** Even when construed in plaintiff's favor, the only reasonable conclusion to be drawn from the evidence is that the natural accumulation of snow and ice upon which plaintiff slipped and fell was an open and obvious hazard. Accordingly, defendant

was under no obligation to warn plaintiff of such a hazard. Similarly, plaintiff has presented no evidence which would permit an inference that defendant knew or should have known that the natural accumulation of snow and ice was substantially more dangerous than plaintiff should have anticipated. *Bowen, supra.*

{¶ 10} In short, there exists no genuine issue as to any material fact and defendant is entitled to judgment as a matter of law. Defendant's motion for summary judgment is GRANTED and judgment shall be rendered in favor of defendant. All future events are VACATED. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
JOSEPH T. CLARK
Judge

cc:

Anne B. Strait
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

James H. Anderson
Marvin K. Jacobs
1122 Adams Street
Toledo, Ohio 43604

Mark I. Jacobs
241 North Superior Street, Suite 200
Toledo, Ohio 43604-1253

003
Filed May 8, 2012
To S.C. Reporter August 31, 2012