[Cite as *Howard v. Ohio Dept. of Rehab. & Corr.*, 2016-Ohio-5227.]

| | |
|---|---|
| ROBERT K. HOWARD | Case No. 2014-00950 |
| Plaintiff | Judge Patrick M. McGrath |
| v. | <u>JUDGMENT ENTRY</u> |
| OHIO DEPARTMENT OF REHABILITATION AND CORRECTION | |
| Defendant | |

{¶1} On January 14, 2016, the magistrate issued a decision recommending judgment for plaintiff. Civ.R. 53(D)(3)(b)(i) states, in part: "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)."

{¶2} After receiving an extension of time, defendant, Ohio Department of Rehabilitation and Correction (ODRC), timely filed objections and the trial transcript on February 11, 2016. With leave of court, plaintiff, Robert K. Howard (Howard or plaintiff), filed his response on March 17, 2016. In this case, plaintiff, a diabetic who walked with the aid of a cane and had his arm in a sling, was walking to inmate health services (IHS) around 6:50 a.m. to get his blood checked. On his way to IHS, plaintiff slipped and fell on an accumulation of snow and ice on the walkway. Defendant raises the following three objections:

    a. <u>Objection 1: The Magistrate erred by imposing a stricter duty on DRC than business owners.</u>

{¶3} Defendant argues that it "should not be held to a higher standard of care than a property owner with respect to a pedestrian walking freely on a sidewalk."

(Objections, Pg. 4).  Defendant argues that the magistrate incorrectly applied *Dean v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 97AP112-1614, 1998 Ohio App. LEXIS 4451 (Sept. 24, 1998).  In *Dean*, the court stated that inmates incarcerated in a state penal institution are not afforded the status of a traditional "invitee" and are not always free, as an invitee would be, to refrain from traversing the accumulation of ice and snow and so they cannot be said to assume the risk of doing so.  *See also May v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 00AP-1327, 2001 Ohio App. LEXIS 2859 (recognizing that an inmate who slipped and fell on a natural accumulation of ice or snow had no opportunity to refrain from using the assigned path); *Fields v. Ohio Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2010-12281 (June 7, 2012).  ODRC contends *Dean* is inapplicable here because the inmate in *Dean* was engaged in activity at the direction of prison staff.

{¶4} ODRC argues that the magistrate should have applied the law applicable to business owners, specifically the law applicable to public sidewalks.  "[I]t is well established that that an owner or occupier of land ordinarily owes no duty to business invitees to remove natural accumulations of ice and snow from the private sidewalks on the premises, or to warn the invitee of the dangers associated with such natural accumulations of ice and snow."  *Bowen v. Columbus Airport Ltd. Partnership,* 10th Dist. Franklin No. 07AP-108, 2008-Ohio-763, ¶ 10.  Moreover, with respect to public sidewalks, a property owner is under "no duty to remove or warn the public of dangers associated with natural accumulations of ice and snow, even where municipal ordinances require landowners to keep sidewalks free of ice and snow."  *Scolaro v. Ohio Univ.,* Ct. of Cl. No. 2015-00304-AD (Nov. 4, 2015), quoting *Luft v. Ravemore, Inc.,* 10th Dist. Franklin No. 11AP-16, 2011-Ohio-6765, ¶ 13.

{¶5} The court agrees with the magistrate's conclusion of law with regard to the standard of care.  While the plaintiff in *Dean* was laboring on behalf of defendant when he fell on an ice covered loading dock, this distinction does not imply that while inmates

are not laboring at the behest of defendant, they are free to move about the prison in the manner in which each inmate desires, such that plaintiff here should be treated as a traditional business invitee.

{¶6} ODRC argues that plaintiff was not prohibited from walking on the grass or taking an alternative route to the infirmary if he believed the path was unsafe. Plaintiff testified at trial that "it's only one path to the – to medical. And as I said, all inmates have to take it." (Trial Transcript, Pg. 11:18-20). Other than stating multiple times in its objections that "there is no evidence that Howard was prohibited from walking on the grass or taking an alternative route to the infirmary if he believed the path was unsafe," ODRC did not provide any evidence contrary to plaintiff's testimony that all inmates are required to take one path to IHS. Further, no snow removal was completed prior to 7:00 a.m. on the day plaintiff fell, thus it was likely that the other optional routes ODRC claims were available to plaintiff were snow covered. As such, defendant's first objection is OVERRULED.

b. Objection 2: The Magistrate erred by finding that DRC failed to exercise reasonable care.

{¶7} ODRC makes the following three arguments with respect to this objection: (1) there was not a defective or unsafe condition in the walkway just because it went over a depression in the ground; (2) there is no evidence that ODRC failed to use reasonable care; and (3) there was no evidence that ODRC forced Howard to walk on the path.

{¶8} The magistrate determined that based on evidence presented at trial defendant had constructive notice of the dangerous condition of the walkway and that the depression in the walkway existed at least since 2005. (Mag. Decision, Pg. 5). ODRC argues that "if the dangerous condition is simply that there was an incline and/or decline

in the path, then every sidewalk that was not perfectly level would be defective. Moreover, there was no testimony that the incline or decline in this depression were unusually steep or slippery." (Objections, Pg. 5). However, magistrate found that inmate Day testified credibly that this "bad spot" existed the entire time he has been at RCI, and that the area was "swampy" during the wintertime. (Mag. Decision, Pgs. 4-5). Further, the magistrate determined that "there was a small accumulation of snow on the walkway that [plaintiff] was required to use." (Mag. Decision, Pg. 4). The magistrate did not find that the dangerous condition was simply an incline or decline in a path, and the court agrees with the magistrate's findings with regard to defendant having constructive notice of the dangerous condition of the walkway.

{¶9} Next, ODRC argues that it did not salt the walkway prior to plaintiff walking to IHS because, per ODRC policy, snow removal is done by maintenance between 7:00 a.m. and 3:00 p.m. unless it is deemed necessary to do so sooner. ODRC claims there was no evidence presented that it was necessary for defendant to call its maintenance staff prior to 7:00 a.m. to remove snow and ice. Again, the court agrees with the magistrate's finding that "traversing the ice-covered depression in the walkway posed an unreasonable risk to plaintiff." (Mag. Decision, Pg. 5). Plaintiff ambulated with a cane and had his arm in a sling, and the court agrees that having to walk across an ice-covered depression posed an unreasonable risk of harm to plaintiff. Furthermore, plaintiff need not present evidence that ODRC should have called its maintenance staff to clear the walkway for those inmates required to go to IHS prior to 7:00 a.m. to succeed on his claim of negligence.

{¶10} Finally, ODRC argues that there is no evidence ODRC forced Howard to walk on the path. The court addressed this issue above, and refers defendant to that analysis. As such, defendant's second objection is OVERRULED.

c.  <u>Objection 3:  The Magistrate erred by finding that DRC proximately caused Howard's injury.</u>

{¶11} Defendant argues that "it was Howard's own negligence that was the proximate cause of his injury." (Objections, Pg. 6).  ODRC contends that assuming it had constructive notice of the dangerous condition, then Howard must have had the same notice because the danger was open and obvious.  ODRC argues that a snow covered walkway with a decline is certainly an open and obvious danger.  Finally, ODRC again argues there is no evidence that Howard was forced to use the walkway versus an alternate route, that the walkway was any different than it had been the previous days when covered by snow, and no evidence that Howard asked for any assistance.

{¶12} In premises-liability cases, the legal status of the person who enters upon the land of another determines the scope of the duty owed to him by the landowner. *Bowen v. Columbus Airport L.P.*, 10th Dist. Franklin No. 07AP-108, 2008-Ohio-763, ¶ 9; s*ee Kleisch v. Cleveland State Univ.*, Franklin App. No. 05AP-289, 2006-Ohio-1300, ¶ 11.  The court reviewed the legal status of plaintiff in its discussion of defendant's first objection, and determined that the magistrate did not err in determining that plaintiff was not a traditional "invitee," and was not always free, as an invitee would be, to refrain from traversing the accumulation of ice and snow and so he could not have assumed the risk of doing so.  The court also discussed ODRC's argument that plaintiff was not forced to use that specific walkway in defendant's first and second objection, and continues to find the argument unpersuasive.  As such, defendant's third objection is OVERRULED.

{¶13} Upon review of the record, the magistrate's decision and the objections, the court finds that the magistrate has properly determined the factual issues and appropriately applied the law.  Therefore, defendant's objections are OVERRULED and the court adopts the magistrate's decision and recommendation as its own, including

findings of fact and conclusions of law contained therein. Judgment is rendered in favor of plaintiff. A case management conference is set for *June 23, 2016, at 11:30 a.m.*, to discuss further proceedings. The court shall initiate the conference via telephone.

PATRICK M. MCGRATH
Judge

cc:

Robert K. Howard, #A235-537
Richland Correctional Institution
P.O. Box 8107
Mansfield, Ohio 44901

Timothy M. Miller
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

**Filed June 10, 2016**
**Sent to S.C. Reporter 8/3/16**